UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DUANE GILES, RANDOLPH FULCHER, MICHELLE DUNLOP, and SHEILA DUNLOP

         Plaintiffs,

-against-

Det. JOSEPH SPATARO, Shield No. 31616; Sgt. ADAN MUNOZ, Shield # 1313; Det. JAMES SANTANA, Shield # 2699; Det. VINCENT BARESE, Shield # 1540; Det. FAWAD KHAN, Det. ANDREW PRENDERGAST, Shield # 6395; Det. WALTER MARIN, Shield # 570, Det. GIULIANI; Capt. GREGORY STEWART; Lt. MARK JABLONSKI, and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe 1-5) being fictitious, as the true names are presently unknown,

         Defendants.

----------------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

ECF Case

15-cv-00893 (ENV)(LB)

  Plaintiffs DUANE GILES, RANDOLPH FULCHER, MICHELLE DUNLOP, and SHEILA DUNLOP by their attorney, Katherine E. Smith, Esq., complaining of the defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

  1. PLAINTIFFS bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, by defendants Det. JOSEPH SPATARO, Shield No. 31616; Sgt. ADAN MUNOZ, Shield # 1313; Det. JAMES SANTANA, Shield # 2699; Det. VINCENT BARESE, Shield # 1540; Det. FAWAD KHAN, Det. ANDREW PRENDERGAST, Shield # 6395; Det. WALTER MARIN, Shield # 570, Det. GIULIANI; Capt. GREGORY STEWART; Lt. MARK JABLONSKI, and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John

and Jane Doe being fictitious, as the true names are presently unknown),as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that this is the District in which the claim arose.

## JURY DEMAND

5. PLAINTIFFS demand a trial by jury in this action.

## PARTIES

6. Plaintiffs DUANE GILES, RANDOLPH FULCHER, MICHELLE DUNLOP, and SHEILA DUNLOP were at all relevant times, residents of Kings County in the City and State of New York.

7. The CITY is a municipal corporation organized under the laws of the State of New York.

8. The CITY, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officers Det. JOSEPH SPATARO, Shield No. 31616; Sgt. ADAN MUNOZ, Shield # 1313; Det. JAMES SANTANA, Shield # 2699; Det. VINCENT BARESE, Shield # 1540; Det. FAWAD KHAN, Det. ANDREW PRENDERGAST, Shield # 6395; Det. WALTER MARIN, Shield # 570, Det. GIULIANI; Capt. GREGORY STEWART; Lt. MARK JABLONSKI, and JOHN and JANE DOE 1 through 15 are sued in their individual and official capacities.

10. At all times relevant defendants JOHN/JANE Does #1-5 were police officers, detectives or supervisors employed by the NYPD.  PLAINTIFFS do not know the real names and shield numbers of the POLICE DOE DEFENDANTS #1-15.

11. At all times hereinafter mentioned, the DEFENDANTS, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the DEFENDANTS alleged herein were done by said DEFENDANTS while acting within the scope of their employment by defendant City of New York.

## STATEMENT OF FACTS

13. On or about 11:30 p.m. on January 30, 2014, PLAINTIFFS were lawfully within a private multi-family brownstone located at 482 Monroe Street, Brooklyn, New York, (hereinafter the "Residence".)

14. At the time of the incident, the Residence was legally divided into five (5) separate units: one apartment occupied by FULCHER on in the basement of first floor; GILES

occupied the parlor or second floor; the DUNLOPS occupied the rear facing apartment on the third floor; and non parties occupied the front facing third floor and fourth floor apartment.

15. Each apartment is completely separated from the other apartments; each apartment has its own locked door. There is no physical way to pass from one apartment to the next without using the hall to enter the apartments' front doors.

16. On the above date and time, the Defendant NYPD officers dressed in riot gear with guns drawn entered the Residence.

17. They possessed one search warrant only for the "3rd floor apartment" despite the fact that the 3rd floor was divided into two separate apartments.

18. The officers physically broke down the front door, and entered directly onto the 2nd (parlor) floor.

**GILES – Second Floor Apartment**

19. GILES was a visitor to the 2nd floor apartment. He was inside the apartment on the 2nd floor with the door closed.

20. GILES' leg was in a cast as he had recently undergone surgery.

21. Police Officers unlawfully burst into his apartment, without a warrant or justification, and immediately placed him into handcuffs.

22. The DEFENDANTS ransacked the residence and recovered no contraband.

23. Despite the fact that they recovered nothing, they falsely claim to have found "loose crack-cocaine" on a plate.

24. GILES was subsequently transported to the police precinct and Brooklyn Central Booking and was arraigned thereafter.

25. Due to his injured leg, GILES requested assistance from the officers; which was summarily and repeatedly denied, resulting in great pain.

26. GILES accepted an adjournment in contemplation at arraignment and was released after spending over thirty-five (35) hours in custody. His case was subsequently dismissed.

**FULCHER – First Floor Apartment**

27. Without a warrant or justification, officers broke down the door of FULCHER.

28. DEFENDANTS placed FULCHER into handcuffs. DEFENDANT then ransacked his apartment damaging his walls, doors and other property within the apartment.

29. No contraband was recovered.

30. Notwithstanding, the officers falsely claim to have recovered a small amount of marijuana.

31. FULCHER was subsequently transported to the police precinct and Brooklyn Central Booking and was arraigned thereafter. FULCHER was released after spending over thirty-five (35) hours in custody.

32. FULCHER's case was subsequently dismissed.

**DUNLOPS – Third Floor Apartment, Rear-facing**

33. SHIELA DUNLOP and her daughter MICHELLE DUNLOP lived together in the rear-facing apartment on what NYPD refers to as floor No. 3. Non parties occupied the separate front-facing 3rd floor apartment.

34. Without a warrant or justification DEFENDANTS unlawfully entered the DUNLOP's apartment.

35. The warrant was for the "3rd floor apartment" and did not specify the person, or apartment, that was the subject of the warrant.

36. DEFENDANTS acknowledge that no contraband was recovered from within the DUNLOP'S apartment.

37. DEFENDANTS claim to have recovered drugs from outside of the Residence.

38. DEFEBDANT officers falsely accused the DUNLOPS of throwing the contraband out of their window, which Plaintiffs deny.

39. Moreover, PLAINITFF SHEILA DUNLOP is legally blind. She was violently thrown to the ground by officers resulting in injury. S. DUNLOP was then pushed into a police van where she was detained for a prolonged period of time. Finally, NYPD officers released S. DUNLOP without formally processing her arrest.

40. PLAINITFF MICHELLE DUNLOP was subsequently transported to the police precinct and Brooklyn Central Booking and was arraigned thereafter. M. DUNLOP was released after spending over twenty-five (25) hours in custody.

41. On July 29, 2014, DUNLOP's case was dismissed on a motion of the District Attorney.

42. With respect to GILES, FULCHER and MICHELLE DUNLOP, DEFENDANTS, falsely informed employees of the Kings County District Attorney's Office ("DA's Office") that they had observed PLAINTIFFS commit various crimes/offenses.

43. DEFENDANTS did not observed PLAINTIFFS violate any laws / ordinances.

44. The allegations made by DEFENDANTS to the DA's Office were false, and the DEFENDANTS knew them to be false at the time the defendants made the allegations.

45. The DEFENDANTS then forwarded these false allegations to the DA's Office in order to justify the unlawful arrests of PLAINTIFFS and to persuade the DA's Office to commence and/ or continue the criminal prosecution of PLAINTIFFS.

46. The DEFENDANTS knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. DEFENDANTS were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

47. PLAINTIFFS suffered damage as a result of defendants' actions. PLAINTIFFS were deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## FIRST CLAIM
### Unlawful Entry and Search

48. PLAINTIFFS repeat and reallege each and every allegation as if fully set forth herein.

49. DEFENDANTS SPATARO, MUNOZ, SANTANA, BARESE, KHAN, PRENDERGAST, MARIN, GIULIANI; STEWART, and JABLONSKI violated the Fourth and Fourteenth Amendments because they unlawfully entered and searched PLAINTIFFS' residences without a warrant or other cause to do so. DEFENDANTS SPATARO, MUNOZ, SANTANA, BARESE, KHAN, PRENDERGAST, MARIN, GIULIANI; STEWART, and JABLONSKI also unlawfully searched the bodies of PLAINITFFS.

50. As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

51. PLAINTIFFS repeat and reallege each and every allegation as if fully set forth herein.

52. DEFENDANTS SPATARO, MUNOZ, and DOE Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINITFFS without probable cause, privilege or consent

53. As a direct and proximate result of this unlawful conduct, PLAINTIFFS' liberty was restricted for an extended period of time, they were put in fear for their safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

54. PLAINITFFS repeat and reallege each and every allegation as if fully set forth herein.

55. The DEFENDANTS SPATARO, MUNOZ and Doe Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on SHIELA DUNLOP.

56. As a direct and proximate result of this unlawful conduct, PLAINITFFS sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Abuse of Process

57. PLAINITFFS repeat and reallege each and every allegation as if fully set forth herein.

58. The DEFENDANTS SPATARO, MUNOZ and Doe Defendants issued legal process to place PLAINTIFFS under arrest.

59. The DEFENDNTS SPATARO, MUNOZ and Doe Defendants arrested PLAINITFFS in order to obtain collateral objectives outside the legitimate ends of the legal process, including to cover up their unlawful entry, search and use of excessive force, *inter alia*.

60. The DEFENDNTS SPATARO, MUNOZ and Doe Defendants acted with intent to do harm to PLAINTIFFS without excuse or justification.

61. As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights, in addition to the damages hereinbefore alleged.

**FIFTH CLAIM**
**Failure to Intervene**

62. PLAINTIFFS repeat and reallege each and every allegation as if fully set forth herein.

63. DEFENDANTS SPATARO, MUNOZ, SANTANA, BARESE, KHAN, PRENDERGAST, MARIN, GIULIANI; STEWART, and JABLONSKI that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64. Accordingly, the DEFENDNTS SPATARO, MUNOZ, SANTANA, BARESE, KHAN, PRENDERGAST, MARIN, GIULIANI; STEWART, and JABLONSKI who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

65. As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

66. PLAINTIFFS repeat and reallege each and every allegation as if fully set forth herein.

67. The DEFENDNTS SPATARO, MUNOZ and Doe Defendants created false evidence against PLAINTIFFS.

68. The DEFENDNTS SPATARO, MUNOZ and Doe Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office

69. In creating false evidence against PLAINTIFFS, and in forwarding false information to prosecutors, the DEFENDNTS SPATARO, MUNOZ and Doe Defendants violated PLAINTIFFS' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

70. As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Prosecution

71. PLAINTIFFS repeats and realleges each and every allegation as if fully set forth herein.

72. By their conduct, as described herein, and acting under color of state law, DEFENDANTS SPATARO, MUNOZ and Doe Defendants are liable to PLAINTIFFS under 42 U.S.C. § 1983 for the violation of PLAINTIFFS' constitutional right to be free from

malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

73. DEFENDANTS SPATARO, MUNOZ and Doe Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive the constitutional rights of PLAINTIFFS. The prosecution by DEFENDNTS SPATARO, MUNOZ and Doe Defendants of PLAINTIFFS constituted malicious prosecution in that there was no basis for the PLAINTIFFS' arrests, yet DEFENDNTS SPATARO, MUNOZ and Doe Defendants continued with the prosecution, which was resolved in PLAINTIFFS' favor.

74. As a direct and proximate result of DEFENDANTS SPATARO, MUNOZ and Doe Defendants' unlawful actions, PLAINTIFFS have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFFS respectfully requests judgment against DEFENDNTS as follows:

  A) Compensatory damages against all DEFENDANTS, jointly and severally;

  B) Punitive damages against the individual DEFENDANTS, jointly and severally;

  C) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

  D) Such other and further relief as this Court deems just and proper.


DATED:  December 18, 2015
      New York, New York


              _____/s/_____
              Katherine E. Smith
              The Law Office of Katherine E. Smith
              233 Broadway, Ste. 1501
              Brooklyn, New York 11231
              (347) 470-3707
              ksmith@legalsmithny.com

              *Attorney for PLAINTIFFS*